**Bill Board Publishing Company, Appellant, v. F. C. McCarahan, Appellee.**

**Gen. No. 17,253.**

1. CONTEMPT—*violation of injunction.* After the bill upon which an interlocutory injunction is based has been dismissed defendant cannot be punished for contempt in disregarding the injunction, although the order of dismissal was erroneous.

2. INJUNCTIONS—*contempt.* Although a writ of error has been sued out to review an order dismissing a bill upon which an interlocutory injunction is based, and has been made a *supersedeas*, the injunction is not revived and disobedience thereto cannot be punished as contempt.

Bill Board Publishing Co. v. McCarahan, 180 Ill. App. 542.

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 26, 1913.

SIMMONS, MITCHELL & IRVING, for appellant.

J. S. MCCLURE, for appellee; WILLIAM STREET, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from the order of December 21, 1910, by the Circuit Court of Cook county, described in the statement prefixed to the opinion in No. 17,366, *ante,* p. 525, which sustained a demurrer to and dismissed at the costs of petitioner a petition for a rule on McCarahan to show cause why he should not be punished for contempt "in disregarding and violating the injunction" ordered by the said Circuit Court on May 12, 1908.

It will be apparent from what we have said in the opinions in causes Nos. 17,355, and 17,313, in this court, that we must hold that the demurrer was properly sustained and the rule denied.

Long before the petition for the rule was filed and long before the action complained of as contempt was taken, the injunction had ceased to exist by the dismissal of the bill on which it was founded.    There could be, therefore, no contempt in disregarding it. In *Thomson v. McCormick,* 136 Ill. 135, it was held that even where the bill was not as a whole dismissed, the action of the court in sustaining demurrers to portions of the bill and thus "dismissing out of the case all the charges in the bill on which the injunction was based," was a dissolution of the injunction.    Although the order dismissing the bill was erroneous, it was not, as we have decided, a nullity.    Nor could a writ of error, even though made a *supersedeas,* revive it. *Blount v. Tomlin,* 26 Ill. 531; *Jenkins v. International*

*Bank,* 111 Ill. 479. The order of the Circuit Court of December 21, 1910, sustaining the demurrer of Mc-Carahan to the amended petition of the Bill Board Publishing Company for a rule on him to show cause why he should not be punished for contempt and dismissing the petition at petitioner's costs is affirmed.

*Affirmed.*