F. W. Julius Thomsen *et al.*

*v.*

Cyrus H. McCormick.

*Filed at Ottawa January 22, 1891.*

1. EJECTMENT—*party defendant—tenant in possession—duty of tenant to notify landlord.* An action of ejectment is properly brought against the party in the actual occupancy of the premises, and when such occupant is a tenant, it is his duty, both by the common law and under the statute, to notify his landlord of the institution of the suit.

2. SAME—*judgment against a tenant—whether conclusive on the landlord.* A judgment in ejectment against a tenant in possession is conclusive upon the landlord, if the latter interposed in aid of the tenant in the defense, or if the landlord had notice of the pendency of the suit, and full opportunity of making a defense thereto.

3. INJUNCTION—*dissolution—what will be considered a dissolution of an injunction—without a formal order.* On bill for the partition of land a temporary injunction was granted, restraining a party from the prosecution of an action of ejectment against a tenant of the complainant

and one of the defendants. Judgment was taken in the ejectment suit without a formal order dissolving the injunction, but it appeared that a demurrer had been sustained to that part of the bill which sought to enjoin the prosecution of the ejectment suit. and that no leave was asked or given to amend the bill: *Held,* that the action of the court dismissing out of the case all charges in the bill upon which the injunction issued, was, in substance, a dissolution of the injunction.

4. CONTEST OF TITLE—*on bill for partition—refunding taxes.* The rule, on a bill to set aside a tax deed as a cloud on title, requiring the complainant to refund the taxes as a condition to the relief sought, has no application to a bill for the partition of land, when the complainant and one of the defendants claim as tenants in common under a tax deed, in which the holder of the adverse title is also made a defendant, and the latter pleads a recovery in an action of ejectment, which is conclusive against the title of the other parties to the bill.

5. DEDICATION—*for streets—by plat—acknowledgment by attorney in fact—whether the fee passes.* In 1854 a subdivision of land into lots, streets, etc., was made by an attorney in fact of the owner, who acknowledged and recorded the plat thereof. By the law then in force the attorney in fact had no authority to acknowledge the plat: *Held,* that the dedication of the streets was not a statutory dedication, and therefore the fee of the land composing the streets did not vest in the city.

6. SAME—*common law dedication—whether the fee passes.* Where the owner of land makes a common law dedication of a street over a part of the tract, the fee or legal title of the land composing the street will not pass, but will remain in the owner, subject only to the public easement; and a conveyance of lots abutting on such street will pass the fee to the center of the street, subject to the rights of the public to use the same as a highway.

7. VACATING STREETS—*rights of owners of abutting lots.* Where a public street, by dedication at common law, is vacated, the adjoining lot holders will take the fee divested of the public easement.

8. BOUNDARY—*by a street—fee in adjacent owner.* The conveyance of a lot abutting on a highway or street, where there has been no statutory dedication, conveys the grantor's interest in the street to the center.

APPEAL from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. ROBERT B. KENDALL, for the appellant Thomsen:

If the plat shows such a dedication of Snyder street as invested the city with title to the street, then it follows that

upon the vacation of the street the title reverted to the heirs of the donor, Smith.  *Gebhardt* v.₀ *Reeves,* 75 Ill. 301; *Helm* v. *Webster,* 85 id. 116.

When lots are conveyed by their numbers, no part of an abutting street will pass.  3 Washburn on Real Prop. (5th ed.) 459; *Lunt* v. *Holland,* 14 Mass. 149; *Davis* v. *Rainsford,* 17 id. 207; *Morgan* v. *Morse,* 3 Gray, 319; *Murdock* v. *Chapman,* 9 id. 156; *Proprietors* v. *Tiffany,* 1 Me. 219; *Birmingham* v. *Anderson,* 48 Pa. St. 253; *Thomas* v. *Patten,* 13 Wis. 329; *Phillips* v. *Bowers,* 7 Gray, 21; *Smith* v. *Slocumb,* 9 id. 36; *Chicago* v. *Rumsey,* 87 Ill. 349.

Mr. AUGUSTUS N. GAGE, for the appellant Asahel Gage:

Is the judgment obtained by McCormick against Anderson, in the ejectment suit, a bar to appellant Gage from defending the bill of appellant Thomsen and the cross-bill of McCormick? Rev. Stat. chap. 106; *Henrichsen* v. *Hodgen,* 67 Ill. 179.

McCormick can have relief against the tax deeds only upon equitable terms.  *Farwell* v. *Harding,* 96 Ill. 32; *Moore* v. *Wayman,* 107 id. 192; *Gage* v. *Nichols,* 112 id. 269; *Alexander* v. *Merrick,* 121 id. 606.

Mr. W. T. BURGESS, for the appellee:

The judgment in the ejectment suit is a bar to the bill for partition.  *Hanson* v. *Armstrong,* 22 Ill. 445; *Stribling* v. *Prettyman,* 57 id. 371; *Oetgen* v. *Ross,* 54 id. 81; *Sturdy* v. *Jackway,* 4 Wall. 174; *Blanchard* v. *Brown,* 3 id. 245; *Miles* v. *Caldwell,* 2 id. 35.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This is a bill for the partition of lot 49, in H. H. Walker's re-subdivision of blocks 12 and 13, in S. F. Smith's subdivision of the north-east quarter of the north-east quarter of section 18, township 39, north, range 14, east, in the city of Chicago, Cook county, Illinois.  F. W. Julius Thomsen, one

of the appellants, is the complainant in the bill, and Asahel Gage, the other appellant, and Cyrus H. McCormick, Jr., appellee, the defendants therein, the other defendants thereto having been dismissed out of the cause, on motion of said complainant, while the suit was pending in the Superior Court of Cook county. Such proceedings were had in said court as that, upon a final hearing, the bill of said Thomsen was dismissed out of court for want of equity, and relief granted appellee upon the supplemental cross-bill hereafter mentioned.

On April 30, 1885, Gage held four tax deeds for the lot in controversy, and that day made and delivered a lease of the premises, for a term of three years, to one Ada M. Dunne, which was duly recorded, and said Dunne forthwith entered into and held possession under such lease. It also appears, that at the same time a conditional executory contract was entered into between said Gage and said Dunne for the sale of the lot by the former to the latter, but it further appears that the conditional contract mentioned was expressly made subject to the lease, and that nothing was afterwards paid or done under it.

On March 21, 1887, McCormick, the appellee, commenced in the Superior Court an action of ejectment for the recovery of said lot, claiming to be the owner thereof in fee, and he made Ada M. Dunne, who was then in possession under her lease, and her mother, Mary Dunne, who was residing with her on the premises, parties defendant to his suit, and they were each duly served on that day with process, and on the fourth day of April following, they appeared in court and filed the general issue.

October 10, 1887, Gage and wife, by quitclaim deed of that date, recorded December 13, 1887, conveyed an undivided one-third of the lot to the appellant Thomsen. It resulted therefrom, that Gage and Thomsen, jointly, were the landlords of Ada M. Dunne, and she their tenant. Following this, on March 7, 1888, Thomsen filed this bill for partition, and made

Gage and McCormick defendants thereto, and alleged therein that he, Thomsen, was the owner of an undivided one-third, and Gage the owner of an undivided two-thirds, of the lot in question, as tenants in common; that McCormick claimed to have some interest in the property, the nature of which was unknown to him, and which he prayed to have disclosed, and that McCormick had commenced an action of ejectment in the court against Ada M. and Mary Dunne to recover possession of the lot, which suit was on the trial calendar, and about to be tried, and he prayed for an injunction to restrain the trial of the same until the hearing of this cause.

Gage, in his answer to the bill of complaint, admitted the truth of all the matters and statements therein contained, in manner and form as charged, and joined in the prayer that the relief therein prayed should be granted; and both Gage and Thomsen, in their joint and several answer filed on November 23, 1888, to the cross-bill of McCormick, expressly refer to the original bill of Thomsen, and say that the matters and things therein stated and set forth are true, and ask that, the same may be taken and considered as a part of their answer to the cross-bill.

In 1888, in the ejectment suit, a disclaimer was filed by the defendant Mary Dunne, and the suit was dismissed as to her, and the name of the other defendant, Ada M. Dunne, was changed on the record to Ada M. Anderson, her then name. On January 26, 1889, this ejectment suit of McCormick against Ada M. Anderson was tried, and there was verdict and judgment in favor of McCormick, and against said Anderson, for the recovery of an estate in fee in the lot in question. That judgment was subsequently affirmed by this court. *Anderson* v. *McCormick,* 129 Ill. 308.

On January 30, 1889, McCormick filed in this chancery suit a supplemental cross-bill, which sets up the verdict and judgment in the ejectment suit, and pleads it in bar of the prosecution of this bill by Thomsen. It charges that Thomsen and

Gage interfered in the defense of the ejectment suit, furnished counsel, witnesses, proofs and money in and toward the defense thereof, and to prevent any recovery therein introduced on the trial thereof their pretended deeds and claims, and relied upon and put in evidence the lease from Gage; that Ada M. Anderson vouched over said Gage and Thomsen to defend in said suit her title from them, which they did in consideration of the premises, and that they are bound by the result of that trial, and by the judgment, the same as though they were parties to the suit.

The court found, at the hearing, that Gage and Thomsen were the landlords of Anderson, and had notice of the ejectment suit, and interfered in the defense thereof and in aid of their tenant, and are legally bound by the judgment in ejectment to the same effect they would be if parties to the record, and that the material allegations of the supplemental cross-bill are true, and that the judgment in the ejectment suit is a bar to the further prosecution of this suit, the equities of which are with McCormick.

We think that the evidence sufficiently sustains the finding of the court that appellants interfered in aid of their tenant, in the defense of the ejectment suit. But if this were not so, we do not understand that it is essential that they should so have done in order that the result of that litigation should be binding upon them. It is manifest from the proofs, and also from the statements contained in the original bill of Thomsen, and the answer of Gage thereto, and their joint and several answers to the first cross-bill of McCormick, that they both had full notice and knowledge of the pendency of the ejectment suit against their tenant, and full opportunity to make a defense against the same; and it goes without saying, that they had an absolute legal right to defend, either in their own names or in the name of their tenant.

Appellee properly brought his suit against Ada M. Anderson, who was the actual occupant of the premises. It was

her duty, both by the common law and under the statute, to notify her landlord, or his agent, of the suit, and the evidence shows that she on several occasions saw Snow, the agent of Gage, in regard to it. When Thomsen took a deed from Gage, *pendente lite,* for an undivided interest in the lot, he took his title charged with that notice, and subject to the event of the pending suit. Besides this, as we have already seen, both of the appellants had actual and full knowledge, no matter whence derived, of the pending suit, and ample opportunity of making defense. If a landlord has timely knowledge of the suit against his tenant, and opportunity of asserting his rights, then, whether he avails himself of such opportunity or not, he is justly and equitably bound by the result of that litigation. In *Oetgen* v. *Ross et al.* 47 Ill. 142, it was said: "Where a landlord has been thus notified by his tenant, or otherwise, of the pendency of the suit, and has an opportunity to defend, he must be held to be concluded by a judgment for the plaintiff, though the judgment may have been only against the tenant, in name."

It is suggested that at the time the ejectment suit was tried and judgment entered therein, no order had been entered dissolving the temporary injunction issued upon the filing of the bill for partition. No formal order dissolving such injunction appears in the record, but it does appear therefrom that demurrers were sustained, long prior to the trial, to all those portions of the bill which sought to enjoin the prosecution of the suit at law, and that no leave was either asked or given to amend the bill,—and this action of the court, dismissing out of the case all the charges in the bill upon which the injunction was based, was, in substance, a dissolution of the injunction. Besides this, immediately after and in connection with the order sustaining said demurrers, appears this further order: "The sufficiency of said second, third and fourth causes of demurrer having been passed upon when the order dissolving the injunction was made and entered." This, as we under-

stand it, is a very informal, and almost unintelligible, entry by the clerk of an order of the court dissolving the preliminary injunction.

It is urged by the appellant Gage, that in any event appellee should have been required to refund the amount of taxes on the lot paid by the holder of the tax titles, and interest thereon. The rule suggested has no application to the case. If this were a bill or a cross-bill exhibited by appellee to remove a cloud from his title, then he would be granted relief only upon equitable terms, and on the familiar principle that he who seeks equity must do equity. If appellee had not, prior to the hearing, dismissed the first cross-bill filed by him, then, possibly, the suggestion would be pertinent. But the case here is, that appellants, claiming to be tenants in common of certain premises, are asking to have them partitioned between them, and have made appellee a party to the suit; and the latter pleads, by way of bar to the further prosecution of the suit, that it has already been authoritatively and conclusively determined, as between him and them, that they have no title to the premises in question, and consequently are not entitled to have it divided between them. Appellee is asking no affirmative relief—is simply standing upon the defensive; and there is no place for the application of the equitable principle above mentioned.

Another claim is made, which may be formulated thus: That Ada M. Anderson was in possession, as tenant, under the tax titles, only; that when the ejectment suit was commenced she was the tenant of Gage, alone, and in privity with no other than the tax titles which he held; that Thomsen at that time had and held an independent and adverse title, and that the mere fact that thereafter, and during the pendency of the ejectment suit, he quitclaimed an undivided two-thirds interest in such independent title to Gage, and received from Gage a quitclaim deed for a one-third interest in the tax title interest, did not create a privity of estate between Thomsen

and Ada M. Anderson in respect to such independent title. It would seem, that when Thomsen bought himself into the litigation, and assumed the relation of landlord to Anderson, it became his duty, as well as that of Gage, to defend the possession of the tenant, and that there was full authority to set up either the tax titles or the independent title of Thomsen in defense of such possession. It would seem that the latter title inured to the benefit of Anderson, the tenant, and that if suit had been brought to oust her, either by Thomsen or by Gage, or by both, based upon the independent and adverse Thomsen title, her lease from Gage, though it had originally been predicated upon the tax titles, would have afforded a defense thereto.

But waiving this, and assuming that the Anderson judgment is no bar to the Thomsen title, yet it is manifest that the court below committed no error in refusing to make partition of lot 49, and in dismissing the bill of complaint of Thomsen. Both Thomsen and the appellee claim the paramount and patent title to said lot, and we think it plain, from the evidence, that it is vested in the latter.

It is conceded that in 1854 S. F. Smith held the patent title to the forty-acre tract of land in which the lot is located, and that in that year one S. Lord Smith, as the attorney in fact and agent of said S. F. Smith, made, acknowledged and recorded a map or plat of the land, showing its subdivision into lots, block, streets and alleys. Among the streets designated on said plat was Snider street, sixty-six feet wide, and running west from Paulina street, and on the north side of said Snider street was block 12, and on the south side block 13. The heirs and devisees of Samuel F. Smith, by deed dated November 27, 1863, and recorded April 13, 1864, conveyed block 12, except one lot, and part of block 13, to Samuel J. Walker, and said Walker thereby became seized in fee of the abutting lands on both sides of said Snider street. Walker, by warranty deed dated December 27, 1865, and recorded

January 26, 1866, conveyed the property to Chittenden, Chittenden conveyed to Duncan & Prather, and they conveyed to Henry H. Walker. By ordinance of the city of Chicago passed June 14, 1869, and approved June 15, 1869, all the alleys in said blocks 12 and 13, and Snider street between Paulina street and Wood street, were vacated. Henry H. Walker made a re-subdivision of blocks 12 and 13, the plat of which was recorded July 17, 1869. The lot 49 in controversy is a part of the vacated Snider street. By deed dated April 20, 1872, and recorded June 1, 1872, Henry H. Walker conveyed said lot 49 to Mary Dunne, and at the same time said Dunne executed a trust deed, recorded June 1, 1872, on said lot, to John G. Rogers, as trustee, to secure certain notes for purchase money given to Walker, and by the latter transferred and assigned. On April 4, 1885, Rogers sold the premises under the provisions of the trust deed, and by trustee's deed of that date, recorded April 18, 1885, conveyed the premises to appellee.

The Thomsen title seems to be based upon the claim that the fee in Snider street vested in the city, and upon the street being vacated, reverted to the heirs and devisees of Smith, or that, since the descriptions in the deed of November 27, 1863, to Samuel J. Walker, were merely by the lot and block numbers, the street was excluded, and the fee remained in the Smith heirs and devisees; that it appears from a certain burnt record decree of November 13, 1882, that subsequent to the execution and delivery of the deed of November 27, 1863, and prior to October 8, 1871, the heirs and devisees of Smith conveyed the fee of the land included in said Snider street to said Samuel J. Walker; that said land was sold under an execution issued on a judgment recovered on September 14, 1874, by one Rudolph Schlosser, against said Samuel J. Walker, and that the title passed to Thomsen by the sheriff's deed based on such sale.

There are several sufficient reasons why this Thomsen title can not prevail. In the first place, neither John G. Rogers nor Mary Dunne, the latter being then in possession of the lot, and under both of whom appellee claims title, was a party to the burnt record proceeding, and it follows that the findings and decree therein are not evidence to bind or bar his right. In the next place, the plat of S. F. Smith's subdivision was made, acknowledged and recorded in 1854, while the statute of 1845 was in force, and it was made and acknowledged by an agent and attorney in fact. Consequently, the dedication of Snider street was not a statutory dedication, and the fee of the land did not vest in the city of Chicago. (*Gosselin* v. *City of Chicago,* 103 Ill. 623; *Earll* v. *City of Chicago et al. post,* p. 277.) There was, however, a good common law dedication of Snider street, and such being the case, the fee remained in Smith, the original proprietor, burdened with an easement in favor of the public; and when, on November 27, 1863, the heirs and devisees of Smith sold and conveyed blocks 12 and 13, and comprising the lands on both sides of the street, to Samuel J. Walker, the grant and conveyance of the abutting premises carried, by operation of law, the fee of the street or title to the land on which it was located, subject, however, to the public easement, to said Walker, and the fee or title continued to pass, as part and parcel of each respective grant, with the several grants of the abutting premises, until it finally vested in Henry H. Walker, but still burdened with the easement; and when, in 1869, the street was vacated by the public authorities, the title was freed from the incumbrance of the easement. *Gebhardt* v. *Reeves,* 75 Ill. 301; *Hamilton et al.* v. *Chicago, Burlington and Quincy Railroad Co. et al.* 124 id. 235.

A claim is made by appellants that the description in the deed of 1863, and in the subsequent conveyances in the same chain of title, was merely by the lot and block numbers, and that this excluded the street. But in the *Hamilton case, supra,* the descriptions were of like character, and it was held that

10—136 ILL.

the fee in the streets, burdened with the offer of dedication, passed by the conveyances, to the grantees of the adjoining lots; and it was there said: "The doctrine is, that a conveyance of a lot abutting on a highway or street, where there has been no statutory dedication, conveys the grantor's interest in the street to the center."

It follows from that which has been said, that even if it should be assumed that, subsequent to the deeds of November 27, 1863, to Samuel J. Walker, and of December 27, 1865, from the latter to Chittenden, the heirs and devisees of Samuel F. Smith, deceased, made a deed to said Samuel J. Walker purporting to convey to him Snider street as platted, yet such deed had nothing to operate on, since the title to the land included in the limits of such street passed out of said heirs and devisees by their conveyance of 1863, and out of said Walker by his conveyance of 1865.

We are satisfied with the decree of the Superior Court, and it is affirmed.

*Decree affirmed.*