Decided April 20, 1909.

## STATE ex rel. *v.* FIELDS.

[101 Pac. 218.]

APPEAL AND ERROR—DISMISSAL—WANT OF ACTUAL CONTROVERSY—PERFORMANCE OF ACTS COMMANDED.

Where, in mandamus to compel defendant to prepare and supply ballots for submitting the question of annexation of territory to a municipality at an election, after defendant had perfected an appeal from the judgment directing a peremptory writ, and while it was pending, he caused the ballots to be supplied and did everything commanded by the writ, the appeal will be dismissed, and a contention that the real issue involved was the construction of a statute and the appeal should be retained to decide that question was untenable, as it was immaterial whether or not defendant was justified in refusing to act, and, since a determination as to the validity of the election would not bind persons not parties to the suit, that question will not be considered.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

ON MOTION TO DISMISS APPEAL.

Statement by MR. JUSTICE SLATER.

On September 3, 1908, upon the verified petition of the relator, O. N. Ford, an alternative writ of mandamus was issued in this case against F. S. Fields, county clerk of Multnomah County, commanding him immediately after the receipt of the writ, or as soon thereafter as could be done according to law, to prepare, transmit, and supply through judges of election to the voters resid-

ing in a certain territory, described in the writ, ballots, with the question of annexation of such territory to the City of Portland printed thereon, and do all things necessary to submit such question of annexation to the voters in the district, so that they might vote thereon at the next general election to be held on November 3, 1908, or that he show cause on October 2, 1908, why he refused to comply with the writ. On that day he appeared and demurred to the petition, on the ground that it did not state facts sufficient to constitute a cause of action or entitle the plaintiff to the relief demanded. The demurrer being overruled, he refused to plead further, and on October 15th judgment was entered ordering a peremptory writ, which was issued and served upon him. On the same day he perfected an appeal from the judgment and filed a transcript in this court on October 24th. On November 4th plaintiff filed a motion to dismiss the appeal on the ground that defendant had in all things complied with the writ. The motion is supported by the affidavit of the defendant, in which he says that 30 days previous to said election he caused to be duly posted in each of the election precincts within said territory notices that the question of annexation would be voted upon at the election to be held on November 3, 1908; that he duly caused ballots to be printed for each of said precincts, or portions thereof, within the territory, with the question of annexation printed thereon, and furnished such ballots to the proper election officers, and did all other acts and things necessary to secure the submission of the question of annexation to the qualified voters within the territory affected thereby, and in all things did as he was commanded in the writ; and that the question of annexation was duly voted upon by the qualified voters of the territory to be affected thereby.

DISMISSED.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court. 50 Or. 580.

For appellant there was a brief over the names of *Mr. George J. Cameron,* District Attorney, *Mr. George A. Brodie,* and *Mr. C. H. Piggott.*

For respondent there was a brief over the names of *Messrs. Johnson & Street,* and *Mr. George F. Martin.*

MR. JUSTICE SLATER delivered the opinion of the court.

The motion is resisted by counsel who have appeared for the defendant, on the ground that the acts done by him in obedience to the writ were done after the appeal was perfected and while the cause was pending in this court, and also because the things required to be done, and which were done, did not relate to, or affect, the substance of the suit, which, it is claimed, is the construction of a statute of this State as to whether a presidential election is a general election, as contemplated by our Code and Constitution, and whether the term "general election," used in article 4, §§ 15, 16, of the city charter of Portland, Oregon, includes the election held November 3, 1908, at which presidential electors were chosen.

There is no merit in either of these contentions. The object of the suit was to require of defendant the performance of certain acts alleged to be imposed upon him by law. Although at first he refused to act, yet pending the appeal he has done all that was required of him, and it cannot affect him one way or the other whether he was justified in refusing to act or not. The mooted question whether the election is legal affects a large number of persons not parties to the record, and, however judgment might be given, it would bind no one. The question is fully settled by the decisions of this court summarized in *State ex rel.* v. *Grand Jury,* 37 Or. 542 (62 Pac. 208).

The appeal will therefore be dismissed.

DISMISSED.