Argued February 2, decided February 7, 1911.

## EILERS PIANO HOUSE *v*. PICK.

[113 Pac. 54.]

APPEAL AND ERROR—JUDGMENT.

1. A party cannot accept the benefits of a judgment or decree and prosecute an appeal therefrom.

APPEAL AND ERROR—RIGHT TO APPEAL—PAYMENT OF JUDGMENT.

2. When a judgment is rendered against a party, his voluntary payment of the sum awarded will not preclude him from maintaining an appeal, unless it appears that the payment was not coerced and was made with a view of settlement.

APPEAL AND ERROR—EXISTENCE OF ACTUAL CONTROVERSY—MANDAMUS.

3. Where a peremptory writ of mandamus has been awarded, requiring the performance of official duty, a compliance with the command necessarily prevents an appeal, because a reversal would have nothing upon which to operate.

APPEAL AND ERROR—OBJECTION BELOW—NECESSITY—SUFFICIENCY OF COMPLAINT.

4. The sufficiency of the complaint may be attacked in the appellate court for the first time.

REPLEVIN—ALLEGATION OF RIGHT TO POSSESSION.

5. Where a complaint in an action to recover a piano commenced May 20, 1908, alleged that on the 3d of January preceding the plaintiff was the owner and entitled to the possession, without stating that he was entitled to the possession on May 20, 1908, the complaint failed to state a cause of action.

From Multnomah:  WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE MOORE.

This action was commenced May 20, 1908, by Eilers Piano House against C. O. Pick doing business as C. O.

Pick Transfer and Storage Company, to recover the possession of personal property. The complaint, omitting the formal parts, is as follows:

"That plaintiff is, and was during all the times hereinafter mentioned, a corporation duly organized and existing under the laws of the State of Oregon. That on or about the 3d day of January, 1908, at Portland, Oregon, the plaintiff was the owner of, and entitled to the possession of, the following goods, to wit: One Kimball piano, style 15 W, No. 145,569, and a piano stool accompanying the same, the value of said property being the sum of $350. That on or about the 3d day of January, 1908, the defendant, at Portland, Oregon, wrongfully took said goods and chattels from the possession of the plaintiff and now wrongfully holds possession of the same from the palintiff. That on or about the 2d day of January, 1908, and before the commencement of this action, plaintiff demanded possession of said goods and chattels, but that said defendant unjustly detains same, to the damage of this plaintiff in the sum of $100. Wherefore plaintiff demands judgment against the defendant for the recovery of said goods and chattels, or for the sum of $350, the value thereof, in case delivery cannot be had, and for the sum of $100 damages, together with its costs and disbursements in this action."

The answer denies the material averments of the complaint and alleges that the piano has been and now is held under a lien for storage amounting to $18, and that upon the payment of such sum defendant has been and now is ready and willing to deliver the property to plaintiff.

A reply put in issue the allegations of new matter in the answer, and, the cause having been tried without the intervention of a jury, the court made findings of fact and of law and, based thereon, gave judgment for plaintiff, from which defendant appeals.        REVERSED.

For appellant there was a brief with an oral argument by *Mr. N. H. Bloomfield.*

For respondent there was a brief with an oral argument by *Mr. Miller Murdock.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. Objection is urged in this court to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, a question not raised in the lower court. The plaintiff's counsel insists that, after the judgment herein was rendered, the piano was voluntarily surrendered to his client, and, such delivery being evidenced by the abstract, the appeal should be dismissed. These questions will be considered in their inverse order. The rule is settled in this state that a party cannot accept the benefits of a judgment or decree and prosecute an appeal from such determination: *Moore* v. *Floyd,* 4 Or. 260; *Portland Construction Co.* v. *O'Neil,* 24 Or. 54 (32 Pac. 764); *Thomas* v. *Booth-Kelly Co.,* 52 Or. 534 (97 Pac. 1078: 132 Am. St. Rep. 713).

2. When a judgment is rendered against a party, his voluntary payment of the sum awarded will not preclude him from maintaining an appeal, unless it satisfactorily appears that the payment was not coerced and was made with a view of settlement: *Edwards* v. *Perkins,* 7 Or. 149; *Moores* v. *Moores,* 36 Or. 261 (59 Pac. 327).

3. Where, however, a peremptory writ of mandamus has been awarded, requiring the performance of official duty, a compliance with the command necessarily prevents the maintenance of an appeal, because the reversal of the judgment would leave nothing upon which it could operate: *Jacksonville School Dist.* v. *Crowell,* 33 Or. 11 (52 Pac. 693); *State ex rel.* v. *Grand Jury,* 37 Or. 542 (68 Pac. 208). It was admitted at the trial in this court that plaintiff made and filed the necessary affidavit and gave the required undertaking, so as to secure possession of the piano, but that the defendant resisted a delivery thereof until after the judgment was rendered. We are

satisfied that the property was not surrendered with a view to a settlement of the controversy.

4. Considering the sufficiency of the complaint, which may be challenged for the first time in this court, it will be kept in mind that this action was commenced May 20, 1908. The complaint alleges, however, that on the 3d of the preceding January plaintiff was the owner of the piano and entitled to the possession thereof. No statement is made in the pleading that at the time the action was instituted plaintiff was entitled to the custody of the property.

The rule announced in *Kimball* v. *Redfield*, 33 Or. 292 (54 Pac. 216), is controlling herein, from which it follows that the judgment is reversed, and the cause remanded for such further proceedings as may be necessary not inconsistent with this opinion.    REVERSED.