Argued March 29, decided April 4, 1911.

## STATE ex rel. *v.* WEBSTER.

[114 Pac. 932.]

APPEAL AND ERROR — DISMISSAL — WANT OF ACTUAL CONTROVERSY — EXPIRATION OF TERM OF OFFICE.

In a proceeding by mandamus, requiring a county judge to render a verified statement to the county auditor of the amount due him for services each month since July, 1906, and to set out in detail the time he was absent from his office during that period other than on official business, as required by Section 3059, L. O. L., or to show cause why he should not do so, it appeared, on appeal from a dismissal of the cause, that the judge had resigned his office in May, 1910. *Held*, that as the controversy was at an end, and the conditions had so changed that any judgment rendered upon the appeal could not be made effective, the court would dismiss the appeal.

From Multnomah: EARL C. BRONAUGH, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a proceeding upon a writ of mandamus issued upon the relation of H. C. King, requiring the defendant, Lionel R. Webster, county judge of Multnomah County, to render a verified statement to the county auditor of the amount due him for services each month since July 1, 1906, and to set out in detail the time he was absent from his office during that period, other than on official business, as required by Section 3059, L. O. L., or show cause why he should not be required to do so. A demurrer to the writ was sustained by the circuit court, and the cause dismissed. Plaintiff appeals. .        DISMISSED.

For appellant there was a brief and an oral argument by *Mr. H. C. King.*

For respondent there was a brief and an oral argument by *Mr. Zera Snow.*

Opinion by MR. CHIEF JUSTICE EAKIN.

It appears that the defendant resigned from the office of county judge in May, 1910, at which time he ceased to exercise the office or act as county judge of Multnomah County; and Section 3059, if applicable to county judges,

which we do not decide, is *functus officio* as to duties required of defendant during the time he exercised the office.   The controversy is at an end.   The conditions have so changed that any judgment rendered upon this appeal could not be made effective:   *State ex rel.* v. *Grand Jury,* 37 Or. 542 (62 Pac. 208) ; *Moores* v. *Moores,* 36 Or. 261 (59 Pac. 327) ; *State ex rel.* v. *Fields,* 53 Or. 453 (101 Pac. 218).   Therefore this court will not determine the question suggested.

The appeal is dismissed.                        DISMISSED.