Submitted on motion to dismiss May 4, appeal dismissed September 8, 1914.

# DIMICK v. LATOURETTE.

(143 Pac. 896.)

**Injunction—Preliminary Injunction—Effect of Final Decree.**

1. In a suit to enjoin a city treasurer from paying city warrants, where, after the issuance of a preliminary injunction upon full hearing a decree was entered dismissing ·the suit, from which the plaintiff appealed, the treasurer could pay the warrants; the preliminary injunction having been destroyed.

[As to order made on motion to dissolve temporary injunction and whether such is final or interlocutory, see note in Ann. Cas. 1912C, 898.]

**Appeal and Error—Dismissal—Termination of Controversy.**

2. In a suit to enjoin a city treasurer from paying city warrants, where, after a preliminary injunction was issued, on full hearing a decree was entered dismissing the suit, and plaintiff appealed, and the treasurer then paid the warrants, the appeal will be dismissed.

From Clackamas: JAMES A. EAKIN, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit instituted by Grant B. Dimick against M. D. Latourette, treasurer of Oregon City, Oregon, E. L. Shaw and Oregon City, a municipal corporation, to enjoin that officer from paying certain city warrants, on the ground that they were unlawfully issued upon a baseless claim against the city. A preliminary injunction was issued in the case. The answer traversed the allegations of the complaint in material particulars, and alleged new matter which in turn was denied by the reply. Upon full hearing of the suit on the issues thus formed the Circuit Court entered a decree dismissing the suit. Afterward the plaintiff appealed. It now appears by affidavit which is not challenged as a matter of fact by the plaintiff that, between the rendition of the final decree in the Circuit Court and the subsequent service of the notice of appeal, the defend-

ant treasurer paid the warrants in question. Based upon this showing, the defendants have moved to dismiss the appeal.                    APPEAL DISMISSED.

*Mr. William M. Stone, Mr. Joseph E. . Hedges, Messrs. C. D.* and *D. C. Latourette* and *Mr. Christian Schuebel,* City Attorney, for the motion.

*Mr. B. N. Hicks, contra.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The granting of the preliminary injunction was merely ancillary to the suit. Without the existence of a suit the injunction would not have been issued, and when the suit falls, with it perishes its appanage, the preliminary injunction. The temporary restraining order of the court thus became *functus officii,* and had spent its force: *Thomsen* v. *McCormick,* 136 Ill. 135 (26 N. E. 373). This doctrine is supported by analogy by *Livesley* v. *Krebs Hop Co.,* 57 Or. 352 (97 Pac. 718, 107 Pac. 460, 112 Pac. 1), holding that this court has authority to issue an injunction in aid of its jurisdiction to preserve the subject of litigation until the case can be finally heard and determined on appeal. In that case the Circuit Court had dismissed a suit in which a preliminary injunction had been issued. The plaintiff appellant applied to, and obtained from, this court a temporary injunction covering the same scope as the like order in the Circuit Court. If the preliminary injunction of the Circuit Court had survived a dismissal of the suit by the Circuit Court in that instance, the exercise of jurisdiction of this court in the issuance of an injunction *pendente lite* here would have been vain and superfluous. The action of this court in that

respect was correct only on the theory that the original temporary injunction was extinguished by the final decree of the Circuit Court dismissing the suit. We conclude, therefore, that when the Circuit Court dismissed the present suit, there was then no obstacle to prevent the treasurer from paying the warrants in question; the injunction obstructing such action having been destroyed.

2. The case in its present condition is not like *Lewis* v. *Kingstown,* 16 R. I. 15 (11 Atl. 173, 27 Am. St. Rep. 724), the only precedent cited by the plaintiff on this motion to dismiss. That was a suit to enjoin trespass in the removal of the plaintiff's house and its foundations. The contention of the defendants was that the house was in a street, and, although the temporary injunction was issued, yet, prior to the final determination of the case in the court awarding the preliminary restraining order, the defendants razed the house and completed the trespass. It was very properly held there, under those circumstances, that while the suit was pending the defendant would gain nothing by disobedience of the court's order, and that the cause would be retained for the purpose of awarding proper damages for the trespass sought to be enjoined. That decision would properly have applied to the instant case if, while it was yet pending in the Circuit Court and yet undetermined, the treasurer had disobeyed the order of the court and paid the warrants.

The warrants have, in fact, been paid without any legal obstacle to prevent the same; the suit having been dismissed. The controversy is at an end, and to entertain the appeal would be merely to discuss and determine an academic question without the existence of any actual controversy. This we have always declined to do: *State ex rel.* v. *Grand Jury,* 37 Or. 542 (62 Pac.

208) ; *Portland* v. *Investment Co.,* 59 Or. 598 (117 Pac. 991) ; *Eilers Piano House* v. *Pick,* 58 Or. 54 (113 Pac. 54) ; *State ex rel.* v. *Fields,* 53 Or. 453 (101 Pac. 218).

The appeal is dismissed.        DISMISSED.