Argued at Pendleton May 7, appeal dismissed May 28, 1918.

# OREGON-WASH. R. & N. CO. *v.* SCHOOL DIST. No. 25.

### (173 Pac. 261.)

**Appeal and Error—Effect of Appeal—Vacating Decree.**

1. The trial court does not lose its jurisdiction to vacate a decree and render a new one because an appeal from the decree has been perfected, prior to the hearing on the appeal.

**Appeal and Error—Dismissal—Vacating Decree Appealed from.**

2. Where a decree pending appeal therefrom, but before hearing on appeal, is vacated, and a new decree entered, the latter supersedes the former as the final decree, and is the only one from which an appeal will lie, and the appeal from the former must be dismissed.

**Appeal and Error—Dismissal of Appeal—Want of Sufficiency.**

3. Since no more can be done on appeal than to vacate the decree appealed from and render another, where such has been done by the trial court, pending the appeal, from which action no appeal has been taken, there is want of actual controversy, only an academic question remaining, and the appeal must be dismissed.

From Morrow: GILBERT W. PHELPS, Judge.

In Banc.

This is a suit by the plaintiff against the school district, its directors and clerk, to prevent them from entering into a contract for or building a schoolhouse in the district. Plaintiff's claim in substance is that there are but about two hundred inhabitants in the district, which is approximately twelve miles long and eleven miles wide; that the average daily attendance at the school for the last preceding year was only a fraction over fifteen pupils; and that the building proposed to be erected was extravagant in the extreme, considering the needs of the district.

The cause was put at issue and on September 4, 1917, the court entered a decree said therein to be in pursuance of the consent of both parties, which, after some

details respecting the extent to which the proposed plans and specifications should be followed, enjoined the district from incurring any greater expense than nine thousand dollars for the proposed building. On October 24, 1917, the defendants filed a motion to vacate the findings of fact and conclusions of law and the resultant decree already mentioned, and supported their application by affidavits of the directors and counsel for defendants to the effect that they had not agreed to any such result. On October 30th the defendants served their notice of appeal from the decree of September 4th. The abstract contains an exemplification of an undertaking on appeal on behalf of the defendants but does not disclose when that obligation was filed. We may assume, however, for the purposes of this decision, that the appeal was perfected within five days after the service of the notice of appeal. Meanwhile, the motion to set aside the decree remained undecided, until November 10, 1917, within the term at which the first decree was rendered, when the court, after reciting some matters tending to show that a decree by consent had been authorized, entered another decree vacating the one of September 4th, and entered another making more concise directions about the extent of the proposed building and limiting the cost thereof to the sum of nine thousand dollars. Based upon this record the plaintiff moves to dismiss the appeal.                    APPEAL DISMISSED.

For appellants there was a brief over the name of *Messrs. Richards & Richards,* with an oral argument by *Mr. Orin E. Richards.*

For respondent there was a brief over the names of *Mr. John F. Reilly, Mr. Blaine Hallock, Mr. S. E. Van*

*Vactor* and *Mr. Arthur C. Spencer,* with an oral argument by *Mr. Reilly.*

BURNETT, J.—1, 2. The only notice of appeal in the record is from the decree of September 4, 1917. The defendants contend that, having perfected their appeal from that adjudication, the Circuit Court was ousted of any authority to set it aside and hence that its decree of November 10, 1917, was a nullity and cannot be regarded for the purposes of the present motion. In *Brewster* v. *Springer,* 79 Or. 88 (154 Pac. 418), in an opinion by Mr. Chief Justice MOORE, this court held that:

"Notwithstanding an appeal from a judgment may have been taken and perfected, jurisdiction of the cause is retained by the trial court sufficient to empower it at any time before the appeal is heard and determined to amend the bill of exceptions so as to make it conform with the facts."

Reasoning by analogy to the rules enunciated in the precedents there cited, it was held that a trial court within the time limited therefor may set aside its own judgment and render a new one, and that it is not only within its power so to do, notwithstanding an appeal may have been taken and not heard, but it is its duty to do so, in order to save the expense of an appeal. That is what has been done in the present instance. Responding to the attack of the defendants upon the first decree, the court set the same aside and rendered another. The one appealed from is no longer in existence, hence there is nothing before us for decision. The decree of November 10, 1917, supersedes the former determination and is the final adjudication of the matters in dispute. It constitutes the only decision from which an appeal will lie, and the court will

not do the vain thing of affirming or reversing that which does not exist.

3. The revision of the decree appealed from has been accomplished by the authorized action of the trial court. We could not do more on the defendants' appeal than to replace with another the decree of which they complained. That has been accomplished by the trial court in regular procedure. For aught that appears the later decision of the Circuit Court may be satisfactory to the defendants. At least we may presume so in the absence of any appeal from it. At best the appeal before us presents only an academic question which we are not called upon to decide: *Moores* v. *Moores,* 36 Or. 261 (59 Pac. 327) ; *State ex rel.* v. *Grand Jury,* 37 Or. 542 (62 Pac. 208) ; *State ex rel.* v. *Webster,* 58 Or. 376 (114 Pac. 932) ; *Francis* v. *Schuman,* 74 Or. 454 (145 Pac. 668) ; *Dimick* v. *Latourette,* 72 Or. 231 (143 Pac. 896) ; *Stires* v. *Sherwood,* 75 Or. 108 (145 Pac. 645) ; *Ireland* v. *Sherman County,* 75 Or. 241 (146 Pac. 969). The motion to dismiss the appeal must be allowed.                Appeal Dismissed.