Argued June 18, reversed and writ dismissed June 25, 1918.

## DRYDEN *v.* DALY.

### (173 Pac. 667.)

**Pleading—Conclusions of Law.**

1. The pleader should state facts upon which he bases his right to recover, rather than conclusions of law.

**Pleading—Conclusions of Law.**

2. In *mandamus* by city employee to compel reinstatement under civil service rules, the allegation that "the position of calker and the position of meterman and tapper are positions within the definition of said class K, and that the plaintiff and petitioner was duly examined, classified and appointed as required by the charter provisions and rules and regulations of the civil service board of the City of Portland," is a mere conclusion of law.

[As to *mandamus* to restore officer unlawfully removed, see note in 12 Am. Dec. 28.]

**Mandamus—Right to Remedy—Existence of Duty.**

3. The writ in *mandamus* which constitutes the only initiatory pleading on the part of plaintiff under Section 618–620, L. O. L., must clearly indicate a present unperformed duty on the part of the defendant requisite for the preservation of the rights of the plaintiff,

and is not aided by the petition either in the original or supplemental form.

**Mandamus—Right to Remedy—Vain Act.**

4.   Where plaintiff brought *mandamus* to compel reinstatement in municipal employ, and prior to the hearing he was restored to employment, the court was not required to do the vain thing of issuing the peremptory writ.

**Appeal and Error—Want of Actual Controversy—Mandamus.**

5.   In *mandamus* to compel reinstatement of plaintiff in municipal employ, even so late as when the cause reaches the Supreme Court on appeal, the fact of plaintiff's voluntary reinstatement may be made to appear, and the court in such case will refuse to proceed further.

**Mandamus—Right to Remedy—Existence of Other Remedy.**

6.   Conceding that a municipal employee was wrongfully discharged he had an adequate remedy at law by an action against the city for damages, and therefore could not maintain *mandamus* to compel his reinstatement.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.

On the petition of the plaintiff the Circuit Court of Multnomah County issued an alternative writ of *mandamus* to the defendant Daly as Commissioner of Public Utilities and Franchises of the City of Portland, to L. S. Kaiser as superintendent and to E. J. Gray as general foreman of the Water Department of that municipality.   The document recites the municipal character of the city, the official tenure of Daly, and states that Kaiser as superintendent and Gray as general foreman of the Water Department are both subordinate to and under the control of Daly.   It is said that the petitioner is a regularly and legally examined, appointed and classified calker and meterman and tapper "under the civil service laws, charter and rules and civil service rules and regulations of the said City of Portland, and is senior in examination, classification, appointment and employment" in all of such characters.   The writ quotes Sections 106 and 107 of the Charter of Portland, the substance of which is that

persons in one classification shall not be employed
in another class without being regularly examined as
if applying for a position for the first time, and that
promotion shall be made according to seniority. It
is also stated that the Board of Civil Service Com-
missioners of Portland established Class K, including
therein "Skilled Labor Service," making it apply to
"positions requiring knowledge of a trade, craft or
useful art, or requiring special manual or mechanical
skill, or involving supervision of skilled or unskilled
laborers."

The pith of the plaintiff's grievance is included in
the fifth and sixth allegations of the writ, reading
thus:

V.   "That the position of Calker and the position of
Meterman and Tapper are positions within the defini-
tion of said Class K, and that plaintiff and petitioner
was duly examined, classified and appointed as re-
quired by the charter provisions and the rules and
regulations of said civil service for the City of Port-
land, and that said examination of your petitioner
and his appointment and classification was had and
made on or about the 16th day of March, 1909."

VI.   "That since the 1st day of February, 1916, the
defendants and each of them have violated the said
civil service charter provisions and laws and the civil
service rules and regulations of said City of Portland,
and that said defendants did wrongfully and unlaw-
fully deprive the plaintiff of said employment for ten
days during the month of February, and for twenty-
four and one-half days during the month of March
and for three days during the month of April imme-
diately before the filing of this petition, and during
all of said times the defendants did wrongfully and
unlawfully employ Calkers and Metermen and Tap-
pers who were junior in appointment and service to
the said petitioner, J. W. Dryden, and further, that
said defendants did violate said civil service laws,
charter provisions and rules and regulations by em-

ploying laborers who had never been appointed or examined or classified in said Class K for skilled labor service and who nevertheless were so employed by the defendants to do the work that plaintiff was entitled to do, and during the period of their said wrongful and unlawful employment the plaintiff was thereby disemployed and held in idleness by the said defendants contrary to, and in violation of the said civil service charter provisions, laws, rules and regulations of the City of Portland and of the said civil service Board of Commissioners.''

Aside from admitting that the plaintiff was appointed as a meterman and tapper from March 16, 1909, these quoted allegations of the writ are denied by the answer.

The plaintiff claims to have been deprived of employment for thirty-seven and one-half days to his damage in the sum of $134.37. This also was denied by the answer. The writ required the defendants immediately to restore the petitioner to his work within his classification as a calker and as a meterman and tapper, that the defendants continue to employ him thereafter according to his seniority when there was employment due to him and, lastly, that at the hearing of the writ they should pay him $134.37 in satisfaction of the damages alleged, or in the alternative show cause why they had not done so.

The new matter in the answer contains a history of the different changes in the civil service regulations of the city and in substance alleges that the employment which the plaintiff claims infringed upon his rights was regular by reason of the rule allowing the defendants to appoint men as foremen when there was no list prescribed by the civil service commission from which selections could be made.

It appeared in evidence and is admitted that prior to the hearing of the writ the plaintiff was re-employed in his classification and was then so in the employment of the city. It seems that during the pendency of the action the plaintiff filed a supplemental petition alleging further violations of his rights to his increased damage, but no amended writ was issued.

The court after a hearing made the writ peremptory but with this difference, that instead of compelling the defendants to pay the damages alleged they were commanded "that they and each of them forthwith comply with all of the provisions of the charter of the City of Portland, of the ordinances of the City of Portland, and with the rules and regulations of the Civil Service Board of the City of Portland, necessary on their part to be done to enable the plaintiff to obtain the said sum of $225.75 from the City of Portland, that being the total amount of the plaintiff's damage as asserted in the writ and the supplemental petition. The defendants appeal.

REVERSED AND WRIT DISMISSED.

For appellants there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. H. M. Tomlinson,* with an oral argument by *Mr. La Roche.*

For respondent there was a brief over the names of *Mr. W. S. U'Ren* and *Messrs. Sinnott & Adams,* with oral arguments by *Mr. U'Ren* and *Mr. R. B. Sinnott.*

BURNETT, J.—There is no cause of action stated against either Kaiser or Gray. It is charged that they were subordinates of Daly and there is nothing to show in any respect that they had any authority to employ or discharge the plaintiff or to exercise

any discretion or control in respect to him. As to them, the writ might as well have been issued to any other employee of the city.

1. It is a principle of pleading that the pleader should state facts rather than conclusions of law. Litigation may be likened to a syllogism wherein the major premise is the law of the land which need not be stated because it is already known to the court. An apparent exception to this statement is found in the rules about pleading a private statute or a town ordinance under Sections 89 and 90, L. O. L. It has also been held in apparent exception to this rule that the court will not take judicial notice of municipal enactments by the initiative process: *Birnie* v. *La Grande,* 78 Or. 531 (153 Pac. 415); *Chan Sing* v. *Astoria,* 79 Or. 411 (155 Pac. 378); *Rusk* v. *Montgomery,* 80 Or. 93 (156 Pac. 435); *Dennis* v. *Willamina,* 80 Or. 486 (157 Pac. 799).

The allegations of the pleader correspond to the minor premise and must consist of the facts upon which the pleader relies to lead to the desired conclusion of the syllogism which should be embodied in the judgment. It is quite insufficient to state conclusions of law in the pleading or minor premise: *State* v. *Chadwick,* 10 Or. 423; *Parker* v. *Thomson,* 21 Or. 523 (28 Pac. 502); *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004); *Mellott* v. *Downing,* 39 Or. 218 (64 Pac. 393); *Zorn* v. *Livesley,* 44 Or. 501 (75 Pac. 1057); *State* v. *Malheur County Court,* 46 Or. 519 (81 Pac. 368); *Darr* v. *Guaranty Loan Association,* 47 Or. 88 (81 Pac. 565); *Van Buskirk* v. *Bond,* 52 Or. 234 (96 Pac. 1103); *Equitable Savings & Loan Assn.* v. *Hewitt,* 55 Or. 329 (106 Pac. 447); *Jackson* v. *Stearns,* 58 Or. 57 (113 Pac. 30, Ann. Cas. 1913A, 284, 37 L. R. A. (N. S.) 639); *Morton* v. *Wessinger,* 58 Or. 80 (113

Pac. 7); *Long* v. *Dufur*, 58 Or. 162 (113 Pac. 59); *Moore* v. *Fowler*, 58 Or. 292 (114 Pac. 472); *Proebstel* v. *Trout*, 60 Or. 145 (118 Pac. 551); *McDaniel* v. *Chiaramonte*, 61 Or. 403 (122 Pac. 33); *Splonskofsky* v. *Minto*, 62 Or. 560 (126 Pac. 15); *Scholl* v. *Belcher*, 63 Or. 310 (127 Pac. 968); *Shipman* v. *Portland Construction Co.*, 64 Or. 1 (128 Pac. 989); *Equi* v. *Olcott*, 66 Or. 213 (133 Pac. 775); *Purdin* v. *Hancock*, 67 Or. 164 (135 Pac. 515); *Barnard* v. *Houser*, 68 Or. 240 (137 Pac. 227); *Gibson* v. *Kay*, 68 Or. 589 (137 Pac. 864); *Templeton* v. *Cook*, 69 Or. 313 (138 Pac. 230); *Farrell* v. *Kirkwood*, 69 Or. 413 (139 Pac. 110).

2. The statement "that the position of calker and the position of meterman and tapper are positions within the definition of said Class K and that plaintiff and petitioner was duly examined, classified and appointed as required by the charter provisions and rules and regulations of the Civil Service Board of the City of Portland" is a mere conclusion of law. There is no magic in those names by which the court is informed judicially of the duties pertaining to such positions. The ultimate fact should be put into the pleading so that the court may be enabled to draw the conclusion that they are in the category referred to and the same principle applies to the classification and appointment mentioned.

3. The writ seems to indicate that different casts of employees have been established by the civil service regulations of the City of Portland. Wherein one differs from the others is not portrayed in the writ. If the calker is not allowed to handle a pick, shovel or spade, but, on the contrary, must use only a drill, wrench or hammer, it should be stated so that the court may know in which classification the plaintiff stands. It is not stated except in the form of a conclusion

that the other men were employed at work exclusively referable to the classification under which the plaintiff claims. For aught that appears, the other employees were put at labor entirely different from that for which the plaintiff was classified. Neither does it appear that the city had work at the time requiring the services of one skilled as the plaintiff claims he was. It is not pointed out what control the defendant Daly had of the plaintiff as an employee, neither is it indicated what step or process should be taken by Daly in order to pay the plaintiff if he was so employed; neither is it shown that there was any fund available for the payment of the plaintiff at the time of which he complains. The writ, which constitutes the only initiatory pleading on the part of the plaintiff under Sections 618, 619 and 620, L. O. L., must clearly indicate a present unperformed duty on the part of the defendant requisite for the preservation of the rights of the plaintiff. It is not aided by the petition either in the original or supplemental form: *State* v. *Williams,* 45 Or. 314 (77 Pac. 965, 67 L. R. A. 166); *State* v. *Malheur County Court,* 46 Or. 519 (81 Pac. 368).

4–6. Moreover, as it appears without controversy that prior to the hearing the plaintiff had been restored to employment, the court was not required to do the vain thing of issuing a peremptory writ for the accomplishment of something which had already been performed. This is within the principle of such cases as *State* v. *Webster,* 58 Or. 376 (114 Pac. 932), *State ex rel.* v. *Fields,* 53 Or. 453 (101 Pac. 218), and other like precedents. Even so late as when the cause reaches this court on appeal, such a state of facts may be made to appear by affidavit and the court will decline to proceed further. Conceding that the plain-

89 Or.—15

tiff was wrongfully deprived of his employment, he has ample remedy at law by an action against the city, under the authority of *Ransom* v. *City of Boston*, 192 Mass. 299 (78 N. E. 481, 7 Ann. Cas. 733). The plaintiff has cited this case in support of his present contention, but it is not parallel, for that was an action of contract brought against the city to recover wages which the plaintiff would have received if he had been employed continuously by the defendant within certain days mentioned. *Mandamus* is not to be used primarily for the collection of debts. The result is that the judgment of the Circuit Court is reversed and the writ dismissed.

REVERSED AND WRIT DISMISSED.

McBRIDE, C. J., and BEAN, J., concur.

HARRIS, J., concurs in the result of this opinion.