Argued October 9, appeal dismissed November 6, 1957

CALLBECK ET AL *v.* KELL ET AL

317 P. 2d 589

*Thomas B. Brand,* Salem, argued the cause for appellants. With him on the briefs were William M. Langley, District Attorney, and Willis A. West, Chief Deputy of Civil Department, Portland.

*Glen McCarty,* Portland, argued the cause for respondents. With him on the brief was J. W. Rosacker, Portland.

Before PERRY, Chief Justice, LUSK, WARNER and
KESTER, Justices.

PER CURIAM.

■ This is a proceeding in mandamus. The petition-
ers-respondents, Ronald E. Callbeck, Edward E. Hurita
and Fred W. Boynton, are civil service employees of
the sheriff's office in Multnomah county. All hold the
rank of sergeant in the uniform division of that office
and are eligible for promotion to the rank of lieutenant
in that division.

The defendants-appellants, Raymond Kell, William
Way and John Schum, at the time of the initiation of
the appeal, together constituted the Civil Service Com-
mission for Multnomah County. Terry Schrunk ap-
pears as a defendant by reason of the fact that before
and at the time of appeal he was holding the office of
Sheriff of Multnomah County.

On petition of Leonard Givens, who was the bene-
ficiary of the Civil Service Commission's action, an
order was entered making him an intervenor, but he
does not come here as an appellant.

Givens, who is the motivating subject of the dispute
occasioning the instant proceeding, was once a sergeant
in the uniform division under appointment of the then
Sheriff Pratt and was promoted by him to a lieu-
tenancy. After this he was demoted by Pratt's succes-
sor, Sheriff Elliott. Givens resigned sometime after
the demotion and left the state of Oregon for about
two years, going to Bellingham, Washington, where he
entered business. After a further lapse of three years,
he was reinstated in the sheriff's office as a lieutenant
in the uniform division. This was done by reason of the
action of the Civil Service Commission, and order of
the Board of County Commissioners, creating a new,

temporary position of lieutenant. Under the order of the County Commissioners, the temporary office of lieutenant created, began as of January 1, 1955, and ended April 30, 1955.

That action prompted the petitioners to bring this proceeding in mandamus to require the Civil Service Commission to remove the name of Givens from the roll of the Civil Service employees and to require the sheriff to certify petitioners' names to the commission in order that one of the three might be appointed to the office last given to Givens.

After a hearing in the circuit court, a peremptory writ was issued and Givens thereupon dropped from the rolls. It appears that the position which Givens last occupied, being a temporary position, had ended by reason of its time limitations, and, therefore, no names were certified to the commission by the sheriff as directed in the final writ. From the order directing the peremptory writ, the defendant commission and sheriff appeal.

The position of the petitioners-respondents is that the action of the Civil Service Commission and that of the sheriff, resulting in the temporary re-employment of Givens as a lieutenant, was contrary to the statutes of the state and regulations established thereunder. They also claim the commission was vested with no discretionary power to act as it did.

We are relieved, however, from passing on the merits by reason of our conclusion predicated upon petitioners' motion to dismiss the appeal as moot.

As we have observed, the temporary position of lieutenant filled by Givens ended April 30, 1955, approximately three weeks after the issuance of the peremptory writ in this matter, rendering the office functus officio and, therefore, not one of further im-

portance to any of the parties having the prime interest therein. *State ex rel v. Grand Jury,* 37 Or 542, 62 P 208. *Perry v. Oregon Liquor Control Commission,* 180 Or 495, 177 P2d 406, is a case wherein a liquor license was suspended for sixty days, but by the time the appeal had reached this court the sixty-day period had expired. The court held that the matter was moot but proceeded to consider the merits on the ground of public welfare.

We were also informed by counsel for the parties at the time of oral argument that Givens had, since the writ was issued, left the state of Oregon and has gone to Seattle, Washington, where he is now a captain in the sheriff's office for King County. We also give weight to Givens' apparent disinterest in joining in the appeal of the defendants. These appeal to us as sufficiently persuasive reasons for holding that the matters raised by the appeal are moot and academic so far as the parties most interested are concerned. *Oregon State Grange v. McKay,* 193 Or 627, 238 P2d 778, 239 P2d 834, and cases there cited.

■ Aside from the matters above referred to, the record discloses a mandatory reason for our action. From it we learn that the defendant commissioners and defendant sheriff a few days after service upon them of the peremptory writ, respectively certified their compliance with the writ's order. It is settled that where a peremptory writ of mandamus has been awarded, requiring the performance of an official duty, a compliance with the command necessarily prevents maintenance of an appeal because the reversal of the judgment would leave nothing upon which it could operate. *Eilers Piano House v. Pick,* 58 Or 54, 56, 113 P 54; *Jacksonville School District v. Crowell,* 33 Or 11, 13, 52 P 693; *State ex rel v. Grand Jury,* supra, at p 543;

*Dimick v. Latourette,* 72 Or 231, 233, 143 P 896; 3 Am Jur 314, Appeal and Error § 737.

We have, at the appellants' suggestion, given consideration to the exception to the rule, which justifies a judicial determination of moot questions, when the question is one involving the public welfare and there is apparently some liklihood of it being raised again. *Perry v. Oregon Liquor Control Commission,* supra; *Oregon State Grange v. McKay,* supra, at p 631. But the circumstances here do not justify the conclusion that the matter embraces questions of wide public interest nor is it apparent that there is any liklihood that they will be raised again.

The appeal is dismissed.