Argued December 4, dismissed December 10, 1958

# GREYHOUND PARK OF EUGENE *v.* OREGON RACING COMMISSION ET AL

332 P. 2d 634

*Sidney A. Milligan,* Eugene, argued the cause for appellant. On the brief were Milligan & Brown, Eugene.

*Scott M. Kelley,* Special Assistant Attorney General for the Oregon Racing Commission, Portland, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and ROSSMAN, McALLISTER and O'CONNELL, Justices.

McALLISTER, J.

This is a proceeding in mandamus brought in the circuit court for Marion county by the petitioner, Greyhound Park of Eugene, a corporation, to compel the defendant, Oregon Racing Commission, to issue to petitioner a license to conduct a race meet in Lane county during the year 1955. The circuit court entered judgment for the defendant and petitioner has appealed.

The amended alternative writ of mandamus alleged, and the defendant in its answer to the writ admitted, that on November 3, 1954, the plaintiff, pursuant to ORS ch 462, filed with the commission an application for a license to hold a greyhound race meet in Lane county during 1955; that the petitioner was qualified to conduct a greyhound race meet in Oregon; and that the application was in proper form. It is further admitted that the application was presented to the commission on December 11, 1954 and on the same day was denied.

ORS 462.010 defines a race meet to mean an exhibition of animal racing where the mutual system is

used. ORS 462.020 provides that no person shall hold any race meet without a license therefor issued by the commission. ORS 462.120 contains a variety of limitations on the number and kinds of race meets to be held on any one track in any one county in any one year. It is clear from a reading of the act that the commission may issue a license only for a particular race meet to be held on a particular track between May 1st and November 1st during a period of not more than 60 days as designated by the commission. The act clearly requires a separate application for each race meet. This is the contemporaneous construction of the act by the commission. Its rules adopted April 15, 1933 provide that licenses for racing shall be granted annually.

The petitioner filed its application for an alternative writ of mandamus on February 11, 1955. The defendant filed a motion to require the petitioner to make the writ more definite and certain, which motion was allowed in part. An amended alternative writ was thereupon filed on March 15, 1955 and the answer of the defendant thereto was filed on March 25, and petitioner's reply on March 30, 1955. On April 25, 1955 the trial judge notified counsel for both parties that he desired to hear and decide the matter as soon as possible, but for some reason which does not appear in the record, the matter did not come on for trial until January 30, 1956. On February 29, 1956, the court entered its findings of fact and conclusions of law and a judgment dismissing the proceedings.

The mere statement of the history of this proceeding demonstrates that it is now moot and was moot when it was tried in the lower court. It is obvious that petitioner would receive no benefit from the issuance now of a license to conduct a race meet in 1955.

■■ This court has consistently followed the well-established rule that it will not consider an appeal if the question presented has become moot, or if lapse of time has rendered it impossible for the court to grant effectual relief. The rule was concisely stated in the earlier case of *State ex rel. v. Grand Jury,* 37 Or 542, 62 P 208, as follows:

"* * * An appellate court, like every other judicial tribunal, is empowered to decide actual controversies only, and not to give opinions upon mooted questions, or mere abstract propositions of law. The rule is general, therefore, that when an event occurs pending an appeal which renders it impossible for the court to grant the relief sought, it will not proceed to final judgment, but will dismiss the appeal [citing cases]; and, as said by the Supreme Court of the United States, in California v. San Pablo & T. R. Co. 149 U. S. 308, 13 Sup. Ct. 876, 'no stipulation of parties or counsel, whether in the case before the court or in any other case can enlarge the power or affect the duty of the court in this regard.'"

The above rule has been applied frequently by this court in mandamus proceedings. *Callbeck et al. v. Kell et al.,* 211 Or 640, 317 P2d 589; *Makinson v. School District No. 4,* 209 Or 232, 304 P2d 1076; *Oregon State Grange v. McKay,* 193 Or 627, 238 P2d 778, 239 P2d 834; *Perry v. Oregon Liquor Commission,* 180 Or 495, 177 P2d 406; *State ex rel. v. Webster,* 58 Or 376, 114 P 932; and *State ex rel. v. Fields,* 53 Or 453, 101 P 218. The rule has been applied by other courts in cases involving applications for licenses when the term for which the license would have been effective had expired before the appeal could be determined. *Frenkel, City Treasurer, v. State ex rel. Johnson,* (Fla) 104 So 857; *Cravey v. Bankers Life & Cas. Co.,* 209 Ga 273, 71 SE2d 659; *Central States I. & E. Corp. v. Illinois*

*Liquor Control Com.*, 405 Ill 58, 89 NE2d 903; *National Jockey Club v. Racing Com.*, 364 Ill 630, 5 NE2d 224; and *People v. Taylor*, 2 Ill 2d 160, 116 NE2d 880.

The basic question raised by the alternative writ in this proceeding was whether the commission had discretion to deny a license to a qualified applicant on the general ground that the granting of the license would not be in the public interest. We are asked by petitioner to decide that question. Assuming that the question is of public interest and that it probably would recur, this court could, in the exercise of its discretion, decide it for the guidance of the official administrative agency. For those reasons, this court in the past has decided moot questions. See *Huffman v. Alexander*, 197 Or 283, 333, 251 P2d 87, 253 P2d 289; *State ex rel. v. Smith et al.*, 197 Or 96, 126, 252 P2d 550; *State ex rel. v. Newbry et al.*, 196 Or 331, 337, 248 P2d 840; and *Perry v. Oregon Liquor Commission*, supra.

However, in this instance the basic question also has been rendered moot by legislative action. ORS ch 462 was amended by the legislature in 1955 and again in 1957. As so amended, ORS 462.075 provides, in part, as follows:

"(1) The commission may refuse to license any applicant if it has reasonable ground to believe that the applicant:

"* * * * *.

"(h) Should not, in the best interest of the safety, welfare, health, peace and morals of the people of the state, be granted a license.

"(2) The commission may refuse to issue a license to conduct a race meet for any ground set forth in sub-section (1) of this section or if it has

reasonable ground to believe any of the following to be true:

"* * * * *.

"(c) That the granting of a license in the locality set out in the application is not demanded by public interest or convenience."

Both paragraph (1) (h) and paragraph (2) (c) of ORS 462.075 were added to the racing act after petitioner's application was denied. We, of course, express no opinion as to the validity or effect of these amendments but take note of the obvious legislative intent to broaden the discretionary powers of the commission.

In view of the changes in the applicable statutes it would obviously serve no useful purpose to now decide whether the statutes in effect in 1954 authorized the commission to deny a qualified applicant a license to conduct a race meet on the general ground that such license would not be in the public interest. If petitioner has applied for a license to conduct a race meet during any year subsequent to 1955, such application is not involved in this proceeding.

The validity of the statutes presently in effect and the scope of authority vested in the commission by those statutes will be decided when, if ever, those questions are properly before us.

Appeal dismissed.