Argued January 14, appeal dismissed January 26, 1915.

## FRANCIS *v.* SCHUMAN.

(145 Pac. 668.)

**Appeal and Error—Dismissal—Moot Questions.**

1.  Where, pending appeal from a decree dismissing a suit against the state printer to restrain performance of an alleged contract with certain printing organizations relating to the general employment of printers in the state printing office, the term of office of the state printer expired, so that any injunction that might be issued against him would be nugatory, the appeal would be dismissed.

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is a suit brought by W. C. Francis, James Archer and F. R. Bussard, all taxpayers of the state, the last two named being experienced printers, against R. A. Harris, state printer, the Governor, Secretary or State, and State Treasurer of the State of Oregon, composing the state printing board, and the individual members of the Allied Printing Trades Council of Salem, Oregon, the Capital Typographical Union No. 210, and the Salem Printing Pressmen and Assistants Union No. 247; all being voluntary organizations. The purpose of the suit was to enjoin the carrying out of a certain contract entered into between R. A. Harris, state printer, and the above printing organizations, relating to the general employment of printers in the state printing office, the scale of wages to be paid, and the use of the Union label of such associations upon state printing, and to enjoin the paying of employees engaged under the contract. Upon a hearing May 4, 1914, the Circuit Court sustained a demurrer to the complaint and dissolved the temporary injunction. Plaintiffs not desiring to plead further, a decree was

entered in favor of the defendants and against the
plaintiffs.   From this the plaintiffs appeal.

APPEAL DISMISSED.

For appellants there was a brief over the names of
*Messrs. Wilbur & Spencer* and *Mr. A. L. Clark,* with
an oral argument by *Mr. Schuyler C. Spencer.*

For respondents there was a brief over the names of
*Mr. Ernest R. Ringo,* District Attorney, *Mr. Joseph
A. Benjamin,* Assistant Attorney General, *Mr. James
W. Crawford,* Assistant Attorney General, with oral
arguments by *Mr. Ringo* and *Mr. Benjamin.*

MR. JUSTICE BEAN delivered the opinion of the court.

Since the rendition of the decree the term of office
of Mr. R. A. Harris, as state printer, has expired.   He
has ceased to officiate in that capacity, and is no
longer in a position to employ any persons in the state
printing office to be paid by the state, or to fix the
wages of employees, control or use the union label in
the printing office, or in any manner to enforce or
carry into effect the contract to which reference is
made.

It is alleged in the complaint that "the said state
printing board have at no time, by any action on the
part of the said board, authorized or empowered the
said R. A. Harris to enter into said contract"; that
the same was without the authority of the board and
has not been ratified by it; and that the contract is
illegal.   It is not alleged, nor was it suggested at the
argument, that the state printing board, or any pres-
ent state officer, intends or will attempt to carry out
the provisions of the contract, or that the alleged
agreement is in any way binding upon the board or

other state officers. The state printing board appointed Mr. Arthur Lawrence as state printer in place of R. A. Harris, who formerly served in that capacity. On January 1, 1915, the newly appointed officer entered upon the discharge of his duties. It therefore clearly appears that the reason for the injunction prayed for has ceased to exist; that, if the same were granted, it would be of no force. An injunction will not be maintained when it is manifest that its continuance would be useless: 2 High on Injunctions (4 ed.), § 1495. It is a well-settled general rule that an Appellate Court cannot, in the absence of express statutory authority, assume jurisdiction of, or render opinions which will be of any binding force upon, an abstract question of law, unless it is involved in a substantial controversy existing between adverse parties and brought before such court for review in the manner prescribed by law: *Jacksonville School Dist.* v. *Crowell,* 33 Or. 11, 13 (52 Pac. 693); *Moores* v. *Moores,* 36 Or. 261, 264 (59 Pac. 327); *State ex rel.* v. *Grand Jury,* 37 Or. 542, 543 (62 Pac. 208); *Oregon Electric Ry. Co.* v. *Terwilliger Land Co.,* 51 Or. 107, 114 (93 Pac. 334, 930); *Thomas* v. *Booth-Kelly Co.,* 52 Or. 534 (97 Pac. 1078, 132 Am. St. Rep. 713); *Eilers Piano House* v. *Pick,* 58 Or. 54, 56 (113 Pac. 54). In the case at bar there is nothing at the present time upon which the writ of injunction could act. It would be of no efficacy.

Nothing remains before the court, except a moot question of law, and therefore the appeal should be dismissed; and it is so ordered.        Appeal Dismissed.

Mr. Chief Justice Moore, Mr. Justice Eakin and Mr. Justice Harris concur.