Submitted on brief March 8, appeal dismissed March 9, 1915.

## IRELAND v. SHERMAN COUNTY.

(146 Pac. 969.)

**Appeal and Error—Dismissal—Moot Question.**

1. Where, pending an appeal from an order to the County Court, directing it to fix a time to hear application for designation as a county official newspaper, the time for designation had passed, so that any judgment would be inefficacious, leaving only a moot question, the appeal will be dismissed.

From Sherman: DAVID R. PARKER, Judge.

In Banc.    Statement PER CURIAM.

This is an appeal from a writ of review directed to the County Court of Sherman County annulling the

action of that court in choosing the "Grass Valley Journal" as the official county newspaper for the year 1914. Pursuant to the provisions of Section 2902, L. O. L., W. I. Westerfield, manager of the publication selected, and C. L. Ireland, editor of the "Sherman County Observer," each duly applied to be designated as the county official newspaper published in the county for that year. Without making any investigation as to the circulation of these papers, the County Court at the proper time arbitrarily selected the "Grass Valley Journal" as the official newspaper. Thereupon Ireland applied to the Circuit Court for a writ of review to set aside such proceeding, and the action of the County Court, having been certified up, was annulled, and the County Court directed to fix a time for the hearing of the respective applications as provided by law. From this order the defendant appeals.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                    APPEAL DISMISSED.

For appellants there was a brief over the name of *Mr. C. M. Huddleston.*

For respondent there was a brief submitted by *Messrs. Bright, Bryant & Ellis.*

Opinion PER CURIAM.

The time for the designation of a newspaper for the year 1914 has passed, and there is nothing before this court of a substantial controversy upon which a reversal of such order could act. Any judgment that could be rendered on appeal would be of no efficacy. Nothing remains, therefore, except a moot question, and

under the authority of *Francis* v. *Schuman,* 74 Or. 454 (145 Pac. 668), the appeal should be dismissed; and it is so ordered.   APPEAL DISMISSED.