LEREW et al, Appellants, v. CRESBARD INDEPENDENT
CONSOLIDATED SCHOOL DISTRICT NO. 2 OF
FAULK COUNTY et al, Respondents

(192 N. W. 747.)

(File No. 5067. Opinion filed March 14, 1923.)

1. **Schools and School Districts—Consolidated School Districts—
Curative Acts—Defective Plat of Consolidated School District
Held Remedied by Curative Act.**

A plat made by the superintendent of schools for a consoli-
dated school district under Rev. Code 1919, Sec. 7570, if de-
fective as failing to show the size and boundaries of the dis-
trict to be formed, and the location of the schoolhouse and
transportation routes, held cured by curative act (Act Sp. Sess.
1920, c. 47) approved June 26, 1920.

2. **Schools and School Districts—Taxes—Injunction—Laches—Tax-
payer's Suit to Restrain Tax Levy and Construction of School-
house for Consolidated District Held Barred by Laches.**

In a suit to restrain tax levy for payment of bonds and con-
struction of a school building for a consolidated school district,
plaintiffs held guilty of laches where they had full knowledge
of proceedings and participated therein, but failed to institute
suit until after the bonds had been issued, subscribed for, and
sold, and the contract for the schoolhouse had been let, a site
purchased, and much of the material for the schoolhouse placed
thereon.

3. **Schools and School Districts—Taxation—Injunction—No Injunc-
tive Relief Against Levy of Tax to Pay Bonds Held by Inno-
cent Purchasers.**

A suit to restrain a tax levy to pay bonds for the construction
of school building in a consolidated district could not be main-
tained where the bonds had been issued and transferred to
innocent purchaser.

4. **Schools and School Districts—Parties—Taxation—Injunction—
Contractors and Bondholders Held Necessary Parties in Suit
to Enjoin Tax Levy to Pay School Bond Issue.**

A suit to restrain a tax levy to pay for bonds for the con-
struction of a schoolhouse in a consolidated school district
could not be maintained without joining the contractors and
the bondholders where the bonds were issued, sold, and trans-
ferred to innocent purchasers, and the contract for the school-
house had been let.

Appeal from Circuit Court, Faulk County; Hon. J. H. Bot-
TUM, Judge.

Action by William Lerew and others against Cresbard Independent Consolidated School District No. 2 of Faulk County and others, to restrain a tax levy. Judgment for defendants, a new trial denied, and plaintiffs appeal. Affirmed.

*F. E. Snider,* of Faulkton, and *Sterling, Clark & Grigsby,* of Redfield, for Appellants.

*Roy A. Nord,* of Faulkton, and *Gardner & Churchill,* of Huron, for Respondents.

(1) To point one of the opinion, Appellant cited: Viland v. Board of Education, 37 S. D. 412, 158 N. W. 906.

(2) To point two, Respondent cited: Clark v. Beadle County, 42 S. D. 146; Holter v. Wagner, 32 S. D. 137; C. M. & St. P. Ry. Co. v. Sioux Falls, 28 S. D. 471; Barber Asphalt Co. v. Hamilton (Wash.), 141 Pac. 199; Standard Fire Ins. Co. v. Fishback (Wash.), 149 Pac. 945; Francis Schuman (Ore.), 145 Pac. 688; State ex rel v. Board of Commissioners (N. M.), 163 Pac. 1082; Wiebke v. Ft. Wayne (Ind.), 115 N. E. 355; Crise v. Slagle (Md.) 99 Atl. 669; State ex rel v. Adset (Mo.), 193 S. W. 850.

(4) To point four, Respondent cited: Riggs Land Co. v. Motley, 24 S. D. 499; Lyman County v. Board, 14 S. D. 342; Osterhoudt v. Board, 98 N. Y. 239; Hoppock v. Chambers (Mich.), 56 N. W. 86; Minnesota Securities Co., 184 U. S. 199; Garzot v. De Rubis, 209 U. S. 283.

ANDERSON, P. J. Action is brought by appellants to restrain respondents from proceeding to levy taxes for the payment of bonds and the creation of sinking fund with which to pay principal and interest incurred, and to be incurred, in the construction of a school building in what is known as the Cresbard Consolidated School District, Faulk county, this state. It is contended by appellants that the proceedings connected with the consolidation were not had in conformity with law; that the plat made by the superintendent of schools did not comply with the requirements of R. C. 1919, § 7570; that the plat did not show the size and boundaries of the district to be formed, the location of the schoolhouses in the several districts, and the location of the transportation routes; that the plat failed to furnish information from which a person of common knowledge could determine the boundaries of

the proposed district; that petitions had been signed by 25 per cent of the electors of the territory described asking that an election be called for the purpose of submitting the question of consolidation, and were filed in the office of the superintendent of schools of said county. An election was had, and the question of consolidation was submitted, resulting in a majority vote for consolidation. Appellants contend that the election was void for the reason that the territory proposed to be included within said corporation was not described or bounded with such certainty that a person of ordinary knowledge could determine the boundaries thereof. March 27, 1920, the county superintendent issued an order declaring the territory designated by the plat had become a consolidated school district, known as Cresbard consolidated district No. 2. Appellants allege they are owners of land within the boundaries of the purposed consolidated district; that the consolidation proceedings are jurisdictionally defective and void; and pray for injunctional relief against respondents restraining them from levying taxes on appellants' property for the purpose of defraying any expenses in connection with such consolidation.

It appears that the proceedings for organization were commenced in February, 1920; that after the approval by the superintendent of public instruction of the plan for the formation of the district a petition signed by more than 25 per cent of the electors of each district affected was presented to the county superintendent asking for the formation of this district, and that this petition was signed, among others, by the appellant Hanson. An election was held March 25, 1920, for voting on the question of consolidation, resulting in 194 votes favorable and 78 votes against. Appellants all had actual notice of the election, and each of them voted thereat. Thereafter notice of election was duly given, and a board of education and a treasurer of the consolidated district were elected and qualified. May 7, 1920, proceedings were taken by the board for calling and holding of a school district bond election for the purpose of voting on the proposition of issuing $100,000 in bonds, for the purchase of site and the erection of suitable buildings. This election was held June 21, 1920, pursuant to notice, and was carried by a majority in favor of the issuance of bonds. The bonds were issued and sold to the Minnesota National Bank of Minneapolis, Minn., for $100,000.

This bank was made a party to this suit, but was not served with process and did not appear. The purchaser of the bonds sold the same before maturity for full value, and the bonds are now held by innocent purchasers, none of whom were made parties to this suit, and none of whom appeared therein. After the sale of the bonds the officers of the school district entered into a contract with a firm of contractors for the construction of the schoolhouse at a consideration of $57,300. The board purchased a school site. Of this appellants had actual notice. This action was not commenced until March 22, 1921. The trial court found that all proceedings connected with the organization of the school district, the issuance, negotiation, and sale of the bonds, the purchase of the school site, the letting of the contract for construction of the building, were all had and taken in good faith; that appellants have been guilty of such delay and laches that they and all others similarly situated ought now to be estopped from claiming that any of said proceedings were irregular or without authority. The trial court concluded as a matter of law that appellants are estopped to claim or allege that any of the proceedings had connected with the organization of the school district or the issuance of bonds were irregular or without authority.

A judgment in conformity with the findings and conclusions was by the court entered. From such judgment and an order denying motion for a new trial an appeal has been perfected to this court.

[1] Appellants' first contention is to the effect that the plat, Exhibit A, was insufficient in that it failed to comply with the statutory provisions. Upon a careful inspection of the plat we are inclined to the view that the plat does substantially conform with the provisions of the statute, and that hence it gave the court jurisdiction. But, if there be any doubt upon this score we are of the opinion that the curative act known as chapter 47 of the Acts of the Special Session of 1920, approved June 26, 1920, is sufficient to cure any defect in the plat.

[2-4] Respondents contend that appellants cannot be granted the relief sought because the acts sought to be enjoined have already been done and performed, and that the necessary parties in interest have not been joined as defendants. It appears without

any apparent dispute that the bond election was held and the bonds were sold a considerable time prior to the bringing of this suit; that respondents had before the commencement of the suit received the purchase price of the bonds, and that the bonds had likewise, before the commencement of the suit, been transferred to innocent purchasers, not made parties to this suit. It appears that prior to the commencement of this suit a contract for erection of the schoolhouse had been let to contractors who had purchased and delivered on the ground much of the material for the construction of the schoolhouse. These contractors were not made parties to the suit, and have never appeared herein. Clark v. Beadle County, 42 S. D. 146, 173 N. W. 743; Francis v. Schuman, 74 Or. 454, 145 Pac. 668; Railway Co. v. Commissioners, 28 S. D. 471, 134 N. W. 46; Holter v. Wagoner, 32 S. D. 137, 142 N. W. 175; Asphalt Co. v. Hamilton, 80 Wash. 51, 141 Pac. 199; State v. Commissioners, 22 N. M. 413, 163 Pac. 1082; Wiebke v. Fort Wayne, 64 Ind. App. 38, 115 N. E. 355. From the status of this record it seems to us clear that the trial court properly found and as properly concluded that the appellants had been guilty of laches, and by reason thereof could not prevail. It also appears that the injunctional relief sought in this action pertains to acts that had been done and performed long prior to the commencement of this suit. We are also convinced that appellants cannot prevail for the reason that the Minnesota bank, the contractors, the bondholders, who are admittedly innocent purchasers, have not been made parties to this action, nor have any of them appeared.

The judgment and order appealed from are affirmed.

Note—Reported in 192 N. W. 747. See American Key-Numbered Digest, (1) Schools and School Districts, Key-No. 22, 35 Cyc. 833; (2) Schools and School Districts, Key-No. 111, 35 Cyc. 1039; (3) Schools and School Districts, Key-No. 111, 35 Cyc. 1037; (4) Schools and School Districts, Key-No. 111, 35 Cyc. 1040.