Argued December 12, appeal dismissed December 31, 1956

# MAKINSON *v.* THE BOARD OF DIRECTORS, SCHOOL DISTRICT No. 4
### 304 P. 2d 1076

*J. Robert Jordan,* Portland, argued the cause for appellant. On the brief was Charles O. Porter, of Eugene.

*W. P. Riddlesbarger,* of Eugene, argued the cause and filed a brief for respondent.

Before Tooze* Acting Chief Justice, and Lusk, Brand and McAllister, Justices.

BRAND, J.

This is a petition for a writ of mandamus brought by the plaintiff, a teacher at the Eugene High School, to require the defendants who are the directors of the school district to hold a hearing with respect to the transfer by the board of the plaintiff from his position as a full-time teacher to a position as a half-time teacher. The plaintiff is and since 1949 has been a permanent teacher as defined in the Teachers' Tenure

* Tooze, ACJ, died September 21, 1956.

Law, ORS 342.210(2). The defendants allege that plaintiff was a teacher of vocational agriculture, and:

## "II

"That the enrollment in the classes in vocational agriculture has decreased to such an extent and the per pupil costs in vocational agriculture have increased to such an extent that the Board of Directors of said District for those reasons, reduced the class offerings in vocational agriculture in said High School to five one-half day sessions per week during the school year, effective September 7, 1954.

## "III

"That pursuant to and in connection with the foregoing action, and in order to reduce the per pupil costs in vocational agriculture, and for no other reasons, said Board of Directors placed the Petitioner-Plaintiff on a one-half time teaching assignment and on one-half time pay for the school year 1954-55.

## "IV

"That the said Board of Directors advised Petitioner-Plaintiff that if the actual enrollment in vocational agriculture in said school at the opening of school in September, 1954, is forty or more students, he, Petitioner-Plaintiff, will be restored to a full time teaching assignment and to full time pay."

The prayer of the defendants is that the alternative writ be dismissed. Plaintiff denies all of the quoted allegations except paragraph IV. The statute provides:

"The school board may transfer any permanent teacher from his position in any branch of the service, as classified in ORS 342.225 to another position in the same branch of the service but no

such teacher who has served three years or more in the branch of the service classified as 'administrative and supervisory employes' or who has served two years or more in any other branch of the service shall be transferred to a lower paying position or to another branch of the service without his consent or without a hearing as provided in ORS 342.275 to 342.330. No such transfer shall operate to remove a teacher from the list of permanently employed teachers or to reduce a teacher's placement in the salary schedule in terms of training or experience." ORS 342.250.

██ Plaintiff asserts the right to a hearing under these provisions and that such hearing was demanded but was refused by the board. We will first consider the condition of the pleadings. We have repeatedly held that the petition for an alternative writ of mandamus is no part of the proceedings and becomes functus officio when the alternative writ issues. *Seufert v. Stadelman,* 178 Or 646, 167 P2d 936; *United States of America v. Cohn,* 201 Or 680, 272 P2d 982; *State ex rel. Bethke v. Bain,* 193 Or 688, 240 P2d 958. The alternative writ is regarded as being the complaint and its sufficiency is tested as such. *Olds v. Kirkpatrick,* 183 Or 105, 191 P2d 641; *State ex rel. Bethke v. Bain,* supra. Needless to say, the writ is issued, not by the parties, but by the clerk on direction of the court. ORS 34.130. The printed abstract of record contains (1) a petition for a writ, (2) an "answer to the Alternative Writ of Mandamus", (3) a reply followed by findings, conclusion and judgment. There is in it no order allowing the writ, and no writ.

██ A search of the papers in the judgment roll discloses an "Order Granting Alternative Writ of Mandamus and Directing Issuance Thereof", but no writ. It is apparent that the parties have treated the peti-

tion as the writ, and the answer which purports to be an "answer to the Alternative Writ of Mandamus" was merely an answer to the petition. The case was tried with the pleadings in this condition. Both counsel have informed us in open court that the plaintiff has been restored to full-time teaching. Both concede that the case is moot. Both ask the court to decide the questions presented by reason of the public questions involved. It is true that we have on rare occasions decided legal questions of public importance, although the case as between plaintiff and defendant has become moot. However, courts do not ordinarily decide moot questions. *Ireland v. Sherman County,* 75 Or 241, 146 P 969; *Perry v. Oregon Liquor Commission,* 180 Or 495, 177 P2d 406; *Oregon State Grange v. McKay,* 193 Or 627, 238 P2d 778, 239 P2d 834.

██ Our examination of the pleadings and of the issues sought to be raised convinces us that this is not such a case as would justify a consideration or decision of the so-called merits of a moot case. The findings of a trial court in a mandamus action have the force and effect of a verdict. *Beard v. Beard,* 66 Or 512, 133 P 797, 134 P 1196. The first assignment of error is that the trial court erred in making inconsistent findings of fact. The findings in question were as follows:

"II

"The Plaintiff, Cloyd B. Makinson, was employed in December, 1945, as a teacher of Vocational Agriculture at Eugene High School in School District No. 4, Lane County, Oregon. Since that time he has been, and now is, employed in that capacity by that District. By reason of continued low enrollments in Vocational Agriculture after 1949, from time to time, various assignments, in addition to the teaching of Vocational Agriculture

in said High School were given the Plaintiff to fill out his teaching schedule each year thereafter. Since 1949, Plaintiff has been and now is a permanent teacher as defined in the Teachers' Tenure Law, ORS 342.210(2).

"III

"The enrollment in the classes in Vocational Agriculture decreased to such an extent, and the per-pupil costs in that subject-matter field, increased to such an extent that the Board of Directors of said District, for those reasons, and for other budgetary and economic reasons, reduced the class offerings in Vocational Agriculture in said High School to five one-half day sessions per week, during the school year, effective September 7, 1954, and at the same time and for the same reasons said Board of Directors placed the Plaintiff on a one-half time teaching assignment, and on one-half time pay for the school year 1954-55. The said Board of Directors immediately assured the Plaintiff, that if the actual enrollment in Vocational Agriculture in said school at the opening of school in September, 1954, reached forty or more students, he, the Plaintiff, would be restored to a full-time teaching assignment, and to full-time pay."

Whether inconsistent or not, it is clear that the findings do not present a clear-cut issue as to the rights of teachers in general to a hearing under ORS 342.250. The question argued was whether the plaintiff was reduced from full-time to half-time employment for reasons personal to him or merely for economic reasons. *Funston v. District School Board, etc.,* 130 Or 82, 278 P 1075. That the question presented is not typical appears from the fact that the plaintiff was a teacher of vocational agriculture and was teaching full time but not full time in vocational agriculture. He also taught other subjects. When the offerings in vocational agriculture courses were re-

duced, plaintiff was put on half time and half-time pay and was not assigned to teach other subjects as had theretofore been done. In view of the peculiar features of the pending case, we are of the opinion that this is not an appropriate occasion on which to go beyond the requirements of the present litigation. The plaintiff having been restored to full time and pay, the case is moot and the appeal is dismissed.