Argued March 21, reversed April 7, 1975

McMULLEN, *Respondent-Cross-Appellant, v.*
DISTRICT SCHOOL BOARD OF SCHOOL
DISTRICT 24J ET AL (No. 81415), *Appellants-
Cross-Respondents.*
533 P2d 812

*William G. Paulus,* Salem, argued the cause for appellants-cross-respondents. With him on the briefs were Paulus & Callaghan, Salem.

*M. Chapin Milbank,* Salem, argued the cause and filed the brief for respondent-cross-appellant.

Before SCHWAB, Chief Judge, and FOLEY and HOWELL, Judges.

SCHWAB, C. J.

We adopt defendants' statement of the case and the issue on appeal, in which plaintiff concurs:

"A.  NATURE OF THE ACTION

"Plaintiff, a permanent teacher of the defendant school district, had attained administrative tenure as a 'Spanish consultant', but he lost that position [as of July 1, 1973] when the elementary Spanish program was eliminated during the course of re-organizing the school district. There were no other administrative jobs for which plaintiff could qualify and he accepted a classroom teaching position which paid a lesser annual wage. Plaintiff then filed this action to recover the difference between his teaching salary and his administrative salary * * * on the grounds that such reassignment was without his consent and was contrary to ORS 342.845(2), which reads as follows:

"'No permanent teacher who has served as an administrator in a particular position for a period of three successive years in a tenure dis-

trict shall be transferred to a lower paying position as an administrator or to a nonadministrative position without his consent except for the reasons for which a permanent teacher may be dismissed as provided in ORS 342.200 and 342.805 to 342.955 and in accordance with the procedures set forth in ORS 342.200 and 342.805 to 342.955 pursuant to which a permanent teacher may be dismissed.'

The court rendered [a money] judgment in favor of plaintiff * * *. Defendant appeals from that judgment.

"B. ISSUE ON APPEAL

"Whether the protection of ORS 342.845(2) is applicable when an administrative postion is eliminated by a good faith reorganization of the school district and there are no other administrative positions for which the affected administrator can qualify."

■ For the reasons which follow we hold that ORS 342.845(2) has no application to a situation such as the one at bar, and that the judgment for the plaintiff must be reversed.

Teacher tenure laws are not of recent origin in Oregon. A teacher-tenure-of-office act was adopted by the Oregon legislature in 1913. General Laws of Oregon 1913, ch 37, p 69. *See, Funston v. District School Board, etc.*, 130 Or 82, 278 P 1075 (1929). There have been numerous modifications, but essentially the Oregon teacher-tenure law has consistently provided: (1) that tenured teachers and tenured administrators may not be dismissed for personal reasons other than those personal reasons which are currently set forth in ORS 342.865(1); (2) that statutory notice of intent to dismiss must be given, ORS 342.895; and (3) that if the teacher or administrator to be dismissed so elects, he is entitled to a hearing or hearings for the

purpose of determining whether there is statutory cause for the dismissal. ORS 342.895, 342.905, and 342.915.

At the time plaintiff lost his administrative position, a time prior to the 1973 legislative amendments to the tenure law, the enumerated statutory reasons for dismissal of a teacher were all "personal" to the teacher involved — things like ineffrcency, immorality and insubordination. *See,* ORS 342.865(1)(a) to 342.865(1)(i). Interpreting a predecessor statute, in *Funston,* the Supreme Court concluded that:

> "\* \* \* [A] Tenure of Office Act, of the type before us, was not intended to deprive the [school] board of directors of the power to terminate an incumbent's employment when there ceased to be any further need for the teacher through a program of economy, in good faith adopted, or through a lessening in the number of pupils even though the act contained general words concerning discharges from the public service." 130 Or at 90-91.

To the same effect *see, Lommasson v. School Dist. No. 1,* 201 Or 71, 261 P2d 860, 267 P2d 1105 (1954), citing *Funston* with approval, where the court stated:

> "\* \* \* Permanent status does not, however, impose upon the district a duty to employ continuously a teacher with that rating when the board determines, in the exercise of good faith, that such employee's services must be discontinued because of the demands of economy or by reason of a lack of pupils." 201 Or at 85.

■ In 1973 ORS 342.865(1) was amended by the addition of paragraph (j) which reads:

> "Reduction in permanent teacher staff resulting from the district's inability to levy a tax sufficient to provide funds to continue its educational program at its anticipated level or resulting from the district's elimination of classes due to de-

creased student enrollment or reduction of courses due to administration decision. School districts shall make every effort to transfer teachers of courses scheduled for discontinuation to other positions for which they are qualified. Merit and seniority shall be considered in determination of a teacher for such transfer."

The plaintiff argues that because paragraph (j) specifically provides that a tenured teacher or administrator can be terminated or transferred for nonpersonal reasons such as was the case in *Funston*, it follows that prior to its enactment such was not the case. In effect, plaintiff is arguing that the 1973 legislature said the case law of Oregon dating back to 1929, *Funston*, was a misinterpretation of the then existing statutes, but reached a desirable result and therefore the legislature decided in 1973 to legitimatize *Funston* and *Lommasson*.

In *Schaaf v. School Dist. No. 4J*, 19 Or App 838, 529 P2d 943 (1974), Sup Ct *review denied* (1975), we held that such was not the purpose of the amendment. We concluded that the probable purpose of ORS 342.-865(1)(j) was to provide an administrative hearing for tenured teachers or administrators who are discharged or transferred in order to establish a permissible statutory ground for that action. For prior to the enactment of ORS 342.865(1)(j), the only vehicle even theoritically available in such a situation was a judicial proceeding. *See,* discussion in *Schaaf* and also *Makinson v. School District No. 4*, 209 Or 232, 304 P2d 1076 (1956).

Reversed.