Argued October 29, affirmed December 18, 1975

PARLETTE et ux, *Appellants, v.* FREEMAN
et ux, *Respondents.*

543 P2d 675

*M. E. Walter,* of Duncan and Walter, Portland, argued the cause and filed the brief for appellants.

*James C. Tait,* of Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City, argued the cause and filed a brief for respondents.

HOWELL, J.

Plaintiffs appeal from an order striking their fourth amended complaint, denying leave to further plead and dismissing plaintiffs' cause with prejudice.

Plaintiffs' case began as an action at law for fraud. They alleged in their first complaint that they agreed to purchase certain real property from defendants who represented "(a) that the ants in the house had been taken care of and (b) there were no ants in the house." Plaintiffs also alleged that the property was "highly infested with damaging ants," and that, by reason of the misrepresentation, they had made certain payments on a mortgage and incurred certain costs. Plaintiffs requested general damages in the amount of $10,000, and $3,000 for special damages. The trial court sustained the defendants' motion to strike portions of plaintiffs' complaint.

Plaintiffs filed an amended complaint which again appeared to be an action at law based on the same representation relating to the ants, and asked for damages in the amount of approximately $3,000. Another motion to strike portions of the complaint was allowed.

A second amended complaint alleged the same representation regarding the ants and further alleged

"[t]hat plaintiffs have no adequate remedy at law under which to recover *equitable compensation* from defendants' breach of said contract, that plaintiffs are entitled to *equitable compensation* in the sum of $3,085.70" (emphasis ours) and asked for a judgment against the defendants. A demurrer was sustained to plaintiffs' second amended complaint on the grounds it did not state facts sufficient to state a cause of "action/suit."

Subsequently, the plaintiffs filed a third amended complaint, again alleging the representation. Plaintiffs also alleged:

"II

"That plaintiffs purchased the said property and entered into the possession thereof and thereafter discovered that the premises were so infested with ants that plaintiffs could not abide in said premises. That since said real property is the subject matter of said contract damages cannot adequately compensate plaintiffs for defendants refusal to convey the same in accordance with the contract hereinabove set forth.

"III

"That plaintiffs have no adequate remedy at law. As the direct and proximate result of defendants' action herein plaintiffs have sustained damages in the sum of $3,085.70.

"WHEREFORE, plaintiffs pray for a decree directing that defendants convey to plaintiffs by good and sufficient conveyance the property described herein in accordance with their agreement herein, or in the alternative damages in the sum of $3,085.70 together with interest thereon at 6% per annum from November 19, 1972, until paid, together with plaintiffs' costs and disbursements incurred herein and for such other and further relief as the Court may deem just and proper."

Again a demurrer on the grounds that the complaint did not state a cause of suit was sustained, and the plaintiffs filed a fourth amended complaint which contained substantially the same allegations as the third amended complaint. The trial court struck the fourth amended complaint and refused plaintiffs leave to plead over. Plaintiffs appeal, contending the trial court erred in sustaining the demurrer to plaintiff's third amended complaint and in striking their fourth amended complaint.

Plaintiffs argue that they have alleged a cause of suit under the theory of equitable compensation and rely on the decision of this court in *Caveny v. Asheim et al*, 202 Or 195, 274 P2d 281 (1954). There, plaintiff-purchasers sought specific performance of an agreement to sell residential property. The agreement provided that the property would be conveyed free of encumbrances and that the sellers would paint the house. When delivered to purchasers, the property was encumbered by a mortgage, and the vendors had failed to paint the house as agreed. Plaintiffs brought a suit for specific performance to require the sellers to discharge the mortgage lien and, apparently, to paint the house as well. The trial court granted the relief and allowed an abatement of the purchase price for the failure to paint. On appeal, the allowance of specific performance to remove the encumbrance and to allow abatement of the purchase price was affirmed. Concerning the doctrine of equitable compensation in suits for specific performance, we stated:

> "Compensation as incidental relief is especially appropriate when complete specific performance is not available; and as an allowance to be made for any deficiency as to the quantity, quality, or description of the property, when it is clear that jurisdiction properly attaches in equity, compen-

sation flows and is inseparable from the proper relief. * * *" (Citations omitted.) 202 Or at 218-19.

▉▉ It is true that a court of equity in a suit for specific performance may, under certain circumstances unnecessary to delineate here, grant money relief as a condition of or incident to specific performance. However, in the present situation, insofar as the pleadings show, defendants had transferred to plaintiffs whatever interest in the property the contract called for, and there is no further action requested by plaintiffs of defendants in order to conform therewith, other than the granting of money relief for the lessened value of the premises because of the presence of the ants. There is no performance asked of defendants to which the payment requested could be an adjunct. Plaintiffs purport to ask that defendants be required to transfer "the property described herein *in accordance with their agreement*," but it is clear they were not contending the property had not been transferred but, rather, that it had not been transferred "without ants." Therefore, plaintiffs cannot resort to a court of equity for recovery.

▉ Normally, in a situation like the present, rather than a dismissal of the case, the trial court should transfer the case to the law side of the court for a jury trial. However, considering the lengthy background of false starts, we believe it was within the discretion of the trial court to dismiss the case. *See Greulich v. The City of Lake Oswego,* 12 Or App 235, 504 P2d 1390 (1973), and cases cited therein.

The decree of the trial court is affirmed.